EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Jaime Santana Vélez<br><br>Peticionario | Apelación<br><br>2006 TSPR 86<br><br>168 DPR _____ |

Número del Caso: CC-2005-1194

Fecha: 22 de mayo de 2006

Tribunal de Apelaciones:

       Región Judicial de Mayagüez (Panel XIV)

Juez Ponente:

       Hon. Zaida Hernández Torres

Oficina del Procurador General:

       Lcdo. Ricardo E. Alegría Pons
       Procurador General Auxiliar


Abogado de la Parte Peticionaria:

       Lcdo. Víctor Santos Rivera



Materia: Artículo 86 C.P.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

        v.

Jaime Santana Vélez            CC-2005-1194       Certiorari

     Peticionario

Opinión del Tribunal emitida por la Jueza Asociada SEÑORA FIOL MATTA

En San Juan, Puerto Rico, a 22 de mayo de 2006.

Debemos resolver si actuó correctamente el Tribunal de Apelaciones al desestimar por falta de jurisdicción la apelación de una sentencia criminal. El recurso se presentó en la Secretaría del Tribunal de Primera Instancia y la notificación al Tribunal de Apelaciones, con las copias reglamentarias del escrito, fue depositada en el correo dentro del término de cuarenta y ocho (48) horas. La Secretaría del Tribunal de Apelaciones recibió la notificación fuera del término de cuarenta y ocho (48) horas.

I.

El peticionario Jaime Santana Vélez fue declarado culpable de homicidio involuntario,

artículo 86 del Código Penal de 1974, 33 L.P.R.A. § 4005, mediante sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 14 de septiembre de 2005. El señor Santana Vélez fue condenado a cumplir una pena de tres años de prisión bajo el régimen de sentencia suspendida y a pagar cinco mil dólares ($5,000.00) como pena de restitución. Además, se le revocó la licencia de conducir por el término de la probatoria.

A raíz de dicha convicción y dentro del término reglamentario, el 11 de octubre de 2005 el señor Santana Vélez presentó recurso de apelación en la secretaría del Tribunal de Primera Instancia donde se dictó la sentencia recurrida. Ese mismo día envió las copias reglamentarias del escrito debidamente selladas con la fecha y hora de su presentación al Tribunal de Apelaciones mediante correo certificado con acuse de recibo. La secretaría del Tribunal de Apelaciones recibió la notificación el 18 de octubre de 2005, es decir, pasado el término de cumplimiento estricto de cuarenta y ocho (48) horas que dispone la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 194, y el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 24.

El 31 de octubre de 2005 el Tribunal de Apelaciones emitió resolución desestimando el recurso de apelación por falta de jurisdicción. Entendió el foro apelativo intermedio que el peticionario no cumplió con el reglamento del Tribunal de Apelaciones porque el "recurso se presenta en la Secretaría del Tribunal de Apelaciones el 18 de octubre de 2005, pasadas las cuarenta y ocho horas dispuestas en la Regla 24(B) de nuestro Reglamento. Tampoco se nos ofrece

excusa o razón alguna que justifique dicha demora de casi aproximadamente una semana".[1]

Por estar inconforme con la determinación del Tribunal de Apelaciones, el 9 de diciembre de 2005 el señor Santana Vélez radicó petición de *certiorari* y moción en auxilio de jurisdicción ante este Tribunal. Como único señalamiento de error planteó que el Tribunal de Apelaciones se equivocó al desestimar la apelación por falta de jurisdicción bajo el fundamento de que la notificación por correo certificado fue tardía. Según el peticionario la notificación se hizo dentro de los términos reglamentarios y la sentencia del Tribunal de Apelaciones se dictó en contravención a lo dispuesto por las Reglas de Procedimiento Criminal, el Reglamento del Tribunal de Apelaciones y la jurisprudencia de este Tribunal.

El 15 de diciembre de 2005 ordenamos a la parte recurrida mostrar causa por la cual no debíamos revocar la resolución recurrida y devolver el caso al Tribunal de Apelaciones. En respuesta a nuestra orden, el 17 de enero de 2006 el Procurador General sometió su escrito. Con el beneficio de la comparecencia de ambas partes expedimos el auto de *certiorari* y procedemos a resolver sin trámite ulterior conforme a la Regla 50 de este Tribunal.[2]

---

[1] Según la resolución del Tribunal de Apelaciones del 31 de octubre de 2005, el Juez Brau Ramírez disintió.

[2] La Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, R. 50, señala:

En situaciones no previstas por este reglamento, el tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.

Queda reservada la facultad del tribunal para prescindir de términos, escritos o procedimientos específicos a los fines de lograr el más justo y eficiente despacho del caso o del asunto de que se trate.

## II.

La Regla 194 de Procedimiento Criminal establece el procedimiento para formalizar una apelación. Esta dispone:

> La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada...
>
> **Si el escrito de apelación o de _certiorari_ es presentado en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia, será responsabilidad del apelante o peticionario notificar a la secretaría del Tribunal de Circuito de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación, las copias reglamentarias de tal escrito, debidamente selladas con la fecha y hora de su presentación.** Si el recurso fuere presentado en la secretaría del Tribunal de Circuito de Apelaciones, será responsabilidad del apelante o peticionario notificar a la secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación o de _certiorari_, una copia de tal escrito, debidamente sellada con la fecha y hora de su presentación. 34 L.P.R.A. Ap. II, R. 194 (énfasis nuestro).

La obligación de notificar al tribunal de apelación se impuso originalmente mediante la Ley Núm. 77 de 23 de junio de 1978. Ésta enmendó la Regla 194 de Procedimiento Criminal que gobernaba las apelaciones al Tribunal Supremo.[3] La Exposición de Motivos de la Ley Núm. 77 disponía:

---

[3] Tras la enmienda de 1978, la Regla 194 disponía:

> La apelación se formalizará presentando un escrito de apelación en la Secretaría de la Sala del Tribunal que dictó la sentencia, dentro de los veinte (20) días siguientes a la fecha en que la sentencia fue dictada, pero si dentro del indicado período de veinte (20) días se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192, el escrito de apelación podrá presentarse dentro de los veinte (20) días siguientes a aquel en que se notificare al acusado la orden del Tribunal denegando la moción de nuevo juicio.

Los tribunales de apelación deben ejercer una continua función supervisora en relación con los recursos apelativos que se presentan ante ellos. El control del trámite apelativo debe iniciarse desde el momento mismo de la presentación del escrito de apelación. Es por ello necesario que una copia del escrito de apelación se radique en la Secretaría del Tribunal de Apelación, de modo que éste quede enterado inmediatamente de la existencia del recurso y pueda así asumir su jurisdicción supervisora. Exposición de Motivos, Ley Núm. 77 de 23 de junio de 1978.

En <u>Pueblo v. Fragoso Sierra</u>, 109 D.P.R. 536 (1980), señalamos que "[l]a razón de esta medida era a todas luces permitirle al tribunal tomar las medidas necesarias para acelerar debidamente el trámite apelativo, el cual se dilataba a veces, por ausencia de control, de modo tal que podían derrotarse los fines de la justicia. **La ley no obedecía al propósito de erigir otra barrera jurisdiccional más.** El objetivo era establecer una norma de riguroso cumplimiento para vitalizar la función supervisora de los tribunales de apelación". *Id*, en la pág. 538. Además, señalamos que "[n]o se permitirá desviación alguna del plazo de 48 horas, so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". <u>Pueblo v. Fragoso Sierra</u>, *supra,* en la pág. 539.

La Regla 194 de Procedimiento Criminal se enmendó nuevamente en 1995, al aprobarse la Ley Núm. 251 de 25 de diciembre de 1995 con el fin de atemperar la regla a la nueva estructura judicial creada por la Ley de la Judicatura de 1994 que consolidó el Tribunal de Primera Instancia y creó un tribunal apelativo intermedio con facultades plenas. Exposición de Motivos, Ley Núm. 251 de 25 de diciembre de

---

**El apelante deberá radicar en o remitir por correo certificado copia del escrito de apelación a la Secretaría del Tribunal de Apelación dentro de las cuarenta y ocho (48) horas siguientes a la radicación del escrito en el Tribunal sentenciador** y deberá notificar al fiscal la presentación del escrito de apelación dentro del término para apelar...(énfasis nuestro).

1995. En lo pertinente, la ley así enmendada es esencialmente la que está vigente actualmente y que transcribimos anteriormente.

Según la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994, uno de los objetivos de esta reforma judicial fue "[c]onceder el derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez". Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1(a) de 28 de julio de 1994. Hemos señalado que el propósito de la Ley de la Judicatura de Puerto Rico de 1994 fue facilitar el acceso de las partes al procedimiento de revisión de una sentencia del Tribunal de Primera Instancia. Dentro de ese procedimiento y como mecanismo para facilitar dicho acceso se permitió que los recursos apelativos se presentaran en las secretarías de las sedes de los tribunales de primera instancia. De este modo, el legislador le imprimió al tribunal de instancia, bajo el esquema constitucional de un sistema judicial unificado para fines de la presentación de esos recursos, características similares a la secretaría del Tribunal de Circuito de Apelaciones. Acevedo v. E.L.A., 150 D.P.R. 866 (2000).

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico aprobada en 2003, 4 L.P.R.A. § 24 *et seq.*, mantiene vigente y recoge en sus disposiciones estos mismos objetivos. El artículo 4.004, 4 L.P.R.A. § 24w, señala:

> El Tribunal Supremo aprobará las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones, las cuales tendrán como propósito principal proveer un acceso fácil,

económico y efectivo a dicho Tribunal. **El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes**, y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en *forma pauperis.* (Énfasis nuestro).

Conforme a este mandato legislativo procede que interpretemos la Regla 194 de Procedimiento Criminal y la Regla 24 del Reglamento del Tribunal de Apelaciones de 2004.

## III.

Reiteradamente hemos expresado que los tribunales somos los guardianes de nuestra propia jurisdicción. Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 530 (1988). Conforme al ordenamiento procesal criminal, un escrito de apelación contra una sentencia dictada por el Tribunal de Primera Instancia tiene que ser presentado ante el foro apelativo dentro del término jurisdiccional de treinta (30) días. 34 L.P.R.A. Ap. II, R. 193; 4 L.P.R.A. Ap. XXII-B, R. 23(A). Según se desprende de la reglamentación anteriormente transcrita, el recurso de apelación se puede presentar en el Tribunal de Primera Instancia o en el Tribunal de Apelaciones. Al presentarse el recurso en la secretaría del Tribunal de Primera Instancia se tiene que notificar de ello al Tribunal de Apelaciones dentro del término de estricto cumplimiento de cuarenta y ocho (48) horas. Si, por el contrario, el recurso se presenta en la Secretaría del Tribunal de Apelaciones se debe notificar dentro del mismo término al foro de instancia que dictó la sentencia recurrida.

Según dispone expresamente la Regla 24 del Reglamento del Tribunal de Apelaciones, dicha notificación puede hacerse mediante entrega personal o por correo.[4] Si se opta

por utilizar el correo, la regla no se expresa en cuanto a si la notificación debe ser recibida por la secretaría del tribunal dentro del término de cuarenta y ocho (48) horas o si la fecha del depósito en el correo o de envío por correo certificado se entenderá como la fecha y hora de notificación. Esta es la controversia que plantea el caso de autos. Evidentemente resulta de gran importancia en vista de lo que nuestra jurisprudencia señala respecto al grado de

---

[4] La Regla 24 del Reglamento del Tribunal de Apelaciones de 2004 señala:

(A) La apelación se formalizará presentando el original del escrito de apelación y tres (3) copias, en la Secretaría del Tribunal de Apelaciones. Será responsabilidad de la parte apelante notificar a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, una copia de tal escrito debidamente sellada con la fecha y hora de su presentación. El término aquí dispuesto será de cumplimiento estricto.

(B) La apelación podrá formalizarse también presentando en el Tribunal de Primera Instancia que dictó la sentencia el original de dicho escrito. En ese caso, el apelante deberá notificar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, **ya sea mediante entrega personal o por correo**, tres (3) copias del escrito de apelación debidamente selladas con fecha y hora de presentación. **El término aquí dispuesto será de cumplimiento estricto.**

(C) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación, se presentarán solamente en la Secretaría del Tribunal de Apelaciones en original y tres (3) copias. Dichas mociones y escritos podrán enviarse por correo, pero en ese caso, si tuvieren términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal... 4 L.P.R.A. Ap. XXII-B, R. 24 (énfasis nuestro).

discreción que tiene el foro apelativo para prorrogar un término de cumplimiento estricto como éste. En este sentido, hemos reiterado que esa discreción entra en función solamente cuando la parte que solicita una extensión demuestra justa causa para su tardanza. Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000).

En Acevedo v. E.L.A., *supra*, resolvimos una controversia similar a la presente, en el ámbito civil. Ambas partes radicaron recurso de apelación ante el entonces Tribunal de Circuito de Apelaciones. Los demandantes solicitaron la desestimación del recurso alegando que no se notificó copia de éste al Tribunal de Primera Instancia dentro del plazo de cuarenta y ocho (48) horas según requería la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones de 1996.[5] La regla permitía notificar al

---

[5] La Regla 14 del Reglamento del Tribunal de Apelaciones de 2004 permaneció, en lo pertinente, idéntica a la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones de 1996. Dicha regla disponía:

(A) La apelación se formalizará presentando el original del escrito de apelación y cuatro (4) copias en la Secretaría del Tribunal de Circuito de Apelaciones, o presentando el original en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada dentro del término antes indicado.

(B) De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto.

(C) De presentarse el recurso de apelación en la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, la parte apelante deberá notificar a la Secretaría del Tribunal de Circuito de Apelaciones, dentro de

Tribunal de Circuito de Apelaciones mediante correo cuando se presentaba el recurso de apelación en la secretaría del Tribunal de Primera Instancia. En ese caso, la Regla 14 expresamente señalaba que "la fecha del depósito de las cuatro (4) copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Circuito de Apelaciones". Sin embargo,  el Reglamento  no disponía para el

---

las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, cuatro (4) copias del escrito, debidamente selladas por la Secretaría de la sede del Tribunal de Primera Instancia con la fecha y hora de presentación. **En este caso, de enviarse por correo, la fecha del depósito de las cuatro (4) copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Circuito de Apelaciones.** El término aquí dispuesto será de cumplimiento estricto.

(D) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación, se presentarán solamente en la Secretaría el Tribunal de Circuito de Apelaciones, en original y cuatro (4) copias. Dichas mociones y escritos podrán enviarse por correo, pero en ese caso, si tuvieren términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes en el recurso y en la moción o escrito se certificará la forma en que se hizo la notificación.  4 L.P.R.A. Ap. XXII-A, R. 14 (derogado).

caso contrario, es decir, cuando el recurso se presentaba ante el Tribunal de Circuito de Apelaciones y debía notificarse al tribunal de instancia. Luego de un breve análisis sobre los propósitos de la Ley de la Judicatura de Puerto Rico de 1994 y de una lectura integral de la disposición reglamentaria en controversia, determinamos en Acevedo v. E.L.A., *supra*, que "un recurso de apelación, presentado ante el Tribunal de Circuito de Apelaciones, puede notificarse al tribunal de instancia personalmente, o por correo ordinario, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo... [y en esos casos,] la fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia". De esta manera equiparamos ambos procedimientos.

En el caso de autos, la Regla 24 del Reglamento del Tribunal de Apelaciones de 2004 contempla la posibilidad de notificar por correo a la secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho (48) horas de haberse presentado el recurso de apelación de un caso criminal en el Tribunal de Primera Instancia. 4 L.P.R.A. Ap. XXII-B, R. 24(B). Nada dice respecto a la notificación al tribunal de instancia de un recurso presentado en el Tribunal de Apelaciones. No obstante, al igual que en Acevedo v. E.L.A., 150 D.P.R. 866 (2000), no vemos razón para no permitir notificar por correo al Tribunal de Primera Instancia en caso de presentarse el recurso ante el foro apelativo intermedio. Por las mismas razones que entonces, aunque la regla nos podría dar a entender que la apelación no puede notificarse al tribunal de instancia mediante

depósito en el correo, "nos parece absurdo llegar a tal conclusión. El Tribunal de Circuito de Apelaciones es el foro a evaluar el recurso de apelación. ¿Por qué razón habríamos de permitir que el Tribunal de Circuito de Apelaciones sea notificado por correo de la presentación del recurso de apelación cuando éste se presenta en el Tribunal de Primera Instancia y no permitir que cuando el recurso se presenta ante el foro apelativo propiamente, la notificación al tribunal de instancia no pueda hacerse por correo?". Acevedo v. E.L.A., *supra*.

Sin embargo, la Regla 24 no provee para que se considere la fecha del depósito en el correo como la de entrega en la secretaría del tribunal al que se debe notificar. Tampoco aclara si dicha notificación se debe recibir en la secretaría del tribunal notificado dentro del término de cuarenta y ocho (48) horas o si se requiere demostrar justa causa a satisfacción del tribunal para aceptar una notificación que llega después pero fue depositada en el correo antes de transcurrir ese término.

Sabemos que es norma fundamental de hermenéutica que al examinar una ley todas sus partes deben compararse entre sí de suerte que sean consistentes y tengan efecto. Las diferentes secciones deben interpretarse en relación las unas con las otras, completando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador. Además, no se puede interpretar parte de una ley de manera que se frustren los fines del estatuto que aparecen de su lectura integral. R. ELFREN BERNIER, APROBACIÓN E INTERPRETACIÓN DE LAS LEYES EN PUERTO RICO 187-8 (1963).

Por lo tanto, debemos interpretar la reglamentación en controversia de manera cónsona con el propósito del legislador y con el esquema judicial vigente según plasmado en la Ley de la Judicatura de 2003. Al respecto, la Regla 2 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R.2, expresamente dispone:

> Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la ley de la Judicatura de 2003. A tales fines este reglamento está dirigido a:
>
> (1)    Ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.
>
> (2)...
>
> (3)    Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. [Citas omitidas].

Además, la Regla 12.1 en lo pertinente, 4 L.P.R.A. XXII-B, R. 12.1, señala:

> Las disposiciones sobre los requisitos de notificación a las partes y al tribunal y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones de 1996, en las Reglas de Procedimiento Civil, Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, **deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos**. Por causa debidamente justificada, deberá el Tribunal de Apelaciones proveer oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes. *Id.* (Énfasis nuestro).

A la luz de la intención legislativa que se desprende de la reglamentación vigente, resulta forzoso resolver que cuando se presente una apelación en la secretaría del

Tribunal de Primera Instancia y se notifique al Tribunal de Apelaciones por correo ordinario o correo certificado con acuse de recibo, la fecha del depósito en el correo se considerará como la fecha de entrega en la secretaría del tribunal apelativo. Resulta forzoso concluir que lo mismo es cierto cuando se presente el recurso en el foro apelativo y deba, por tanto, notificarse al de instancia. Esta interpretación reduce las desestimaciones por defectos de forma y promueve el acceso a los tribunales en la etapa apelativa. Llegar a otra determinación impondría una barrera no sólo jurisdiccional sino económica, que resultaría innecesaria y contraria al propósito de la ley.

La Regla 194 de Procedimiento Criminal y la Regla 24 del Reglamento del Tribunal de Apelaciones requieren que se envíe una o tres copias, dependiendo del tribunal a notificar, del escrito de apelación debidamente sellado "con la fecha y hora de su presentación" al tribunal en el que no se presentó el recurso de apelación. Interpretar que la notificación debe recibirse en la secretaría de ese tribunal dentro del término de cuarenta y ocho (48) horas en caso de enviarse por correo impondría una carga muy onerosa para el peticionario y prácticamente dejaría en desuso la opción de notificar por correo. Dicha interpretación obligaría al peticionario a utilizar servicios privados de envío que resultan en gastos innecesarios y adicionales a los ya costosos trámites de litigación.

En el caso de autos, el señor Santana Vélez presentó el recurso de apelación, dentro del término reglamentario, en la secretaría del Tribunal de Primera Instancia en el que se dictó la sentencia apelada. Ese mismo día envió las copias

reglamentarias del escrito debidamente selladas con la fecha y hora de su presentación al Tribunal de Apelaciones mediante correo certificado con acuse de recibo. Dicha notificación fue recibida en la secretaría del Tribunal de Apelaciones después de transcurrido el término de cuarenta y ocho (48) horas que dispone la Regla 194 de Procedimiento Criminal y la Regla 24 del Reglamento del Tribunal de Apelaciones. El Tribunal de Apelaciones desestimó la apelación por entender que se había incumplido con el término de cuarenta y ocho (48) horas y que no se había excusado la dilación. Al así resolver erró.

Las copias requeridas por el reglamento, debidamente selladas con la fecha y hora de presentación se enviaron por correo dentro de las cuarenta y ocho (48) horas siguientes a la presentación del recurso y, según hemos resuelto, la fecha del depósito en el correo se considerará como la fecha de su entrega en la secretaría del tribunal correspondiente. Por lo tanto, el Tribunal de Apelaciones fue notificado de la presentación de la apelación de autos dentro del término reglamentario. Esta interpretación cumple con la intención del legislador de facilitar a la ciudadanía el acceso a la justicia apelativa y resulta acorde con nuestro sistema judicial unificado.

Por los fundamentos antes expuestos, revocamos la sentencia dictada por el Tribunal de Apelaciones.

Se dictará sentencia de conformidad.


Liana Fiol Matta
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

      Recurrido

        v.

                                  Certiorari

Jaime Santana Vélez           CC-2005-1194

      Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, revocamos la sentencia dictada por el Tribunal de Apelaciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo