EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José M. Acevedo Alvarez y otros<br>     Peticionarios<br><br>     v.<br><br>Estado Libre Asociado de Puerto Rico y<br>Administración de Vivienda Rural<br>     Recurridos | Certiorari<br><br>2000 TSPR 64 |

Número del Caso: CC-1999-0474

Fecha: 26/04/2000

Tribunal de Circuito de Apelaciones:  Circuito Regional VII

Panel Compuesto por: Hon. Miranda de Hostos
                     Hon. Rivera Pérez
                     Hon. Rodríguez García

Abogado de la Parte Peticionaria:

                    Lcdo. José M. Acevedo Alvarez

Abogada de la Parte Recurrida:

                    Oficina del Procurador General
                    Lcda. Rosana Márquez Valencia
                    Procuradora General Auxiliar

Materia: Incumplimiento de Contrato

     Este documento constituye un documento oficial del Tribunal
     Supremo que está sujeto a los cambios y correciones del
     proceso de compilación y publicación oficial de las
     decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José M. Acevedo Alvarez
y otros

    Demandantes-Peticionarios

      v.                    CC-1999-474     Certiorari

Estado Libre Asociado de
Puerto Rico y Administración
de Vivienda Rural

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico, a 26 de abril de 2000.

I

El 10 de abril de 1991, José M. Acevedo Álvarez, Margarita Castro Jiménez y la sociedad legal de gananciales compuesta por ambos (en adelante "los peticionarios") presentaron demanda contra el Estado Libre Asociado de Puerto Rico y la Administración de Vivienda Rural (en adelante "los recurridos") reclamando daños y perjuicios por alegado incumplimiento contractual. El 15 de diciembre de 1998, notificada el 12 de enero de 1999, el Tribunal de Primera Instancia, Sala Superior de Carolina, la declaró con lugar. Oportunamente, ambas partes presentaron recursos

de apelación ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Carolina y Fajardo, impugnando el dictamen del tribunal de instancia.[1] El recurso de apelación de los recurridos fue presentado en el foro apelativo el 15 de marzo de 1999.

Tras la presentación de ciertas mociones[2] de los peticionarios, los recurridos solicitaron el 8 de abril de 1999, la desestimación del recurso, fundándose en que los peticionarios no lo notificaron al tribunal de instancia. Así, también, solicitaron prórroga para presentar su alegato.

El 21 de abril de 1999[3], el tribunal apelativo dictó resolución consolidando las apelaciones presentadas por las partes, denegando la moción de desestimación presentada por los recurridos y concediéndole veinte (20) días a las partes para preparar y presentar una exposición narrativa de la prueba estipulada.

El 22 de abril de 1999, los peticionarios se opusieron a la prórroga solicitada por los recurridos. Posteriormente, presentaron "Solicitud de Desestimación", sosteniendo que el escrito de apelación presentado por los recurridos debía desestimarse por éstos no haber notificado una copia del mismo al tribunal de instancia dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas siguientes a la presentación del recurso.[4] Además, presentaron una moción de reconsideración ante

---

[1] Los peticionarios arguyeron que correspondía aumentar la cuantía de la indemnización, mientras que los recurridos cuestionaron la imposición de responsabilidad, o en su defecto, la cuantía impuesta.

[2] Éstas se titulan: "Solicitud de Disposición del Recurso Fundado en la Apelación Ante la No Presentación de Alegato Por la Parte Apelada" y "Solicitud de Disposición Sobre Inexistencia de Error Relacionado Con la Suficiencia de la Prueba Testifical o Con la Apreciación Errónea de Ésta".

[3] Notificada el 27 de abril de 1999.
[4] Sustentaron su alegación con una certificación del tribunal de instancia la cual acredita que el 19 de marzo de 1999

el foro apelativo arguyendo que: dicho dictamen fue emitido sin tomar en consideración su oposición a la solicitud de prórroga; que no existía circunstancia excepcional que amerite concederle prórroga a los recurridos para presentar su alegato; que al éstos no haber hecho un señalamiento de error con respecto a la suficiencia de la prueba testifical o la apreciación errónea de ésta, no era necesario presentar una exposición narrativa de la prueba oral; y que no procedía la consolidación de los recursos.

El 29 de abril de 1999, los recurridos presentaron su alegato oponiéndose a la apelación y a la solicitud de desestimación presentadas por los peticionarios alegando que, conforme a los archivos de la Oficina del Procurador General, el escrito de apelación de los recurridos fue notificado a la Secretaria General del tribunal de instancia, Srta. Elba Moura, el 16 de marzo de 1999, mediante correo certificado con acuse de recibo.[5]

Tras los recurridos presentar "Moción para Presentar Proyecto de Exposición Narrativa de Prueba Oral", el foro apelativo intermedio dictó resolución denegando tanto la moción de desestimación presentada por los peticionarios como la solicitud para que se dejara sin efecto la orden consolidando los recursos apelativos. Asimismo, le concedió diez (10) días a los recurridos para gestionar en la Secretaría del Tribunal de

---

a las 9:02 de la mañana, los recurridos presentaron en la Secretaría del Centro Judicial de Carolina, escrito de apelación en el caso *José M. Acevedo Álvarez y otros v. E.L.A. y Administración de Vivienda Rural*. Véase, Apéndice, pág. 884.

Esta certificación se refiere a la fecha en que se presentó en el tribunal de instancia la copia del recurso de apelación presentado ante el foro apelativo el 15 de marzo de 1999; sin embargo, copia del recurso le fue notificado por correo certificado con acuse de recibo al tribunal de instancia, depositado en el correo el 15 de marzo de 1999, el mismo día en que el recurso se presentó ante el Tribunal de Circuito de Apelaciones.

[5] Véase el "Domestic Return Receipt", Apéndice, pág. 887.

Primera Instancia una certificación que acredite la fecha en que recibió copia sellada del escrito de apelación de los recurridos.

El 7 de mayo de 1999, los peticionarios presentaron "Réplica a Oposición a Solicitud de Desestimación" alegando que los recurridos, al enviar el recurso por correo a un apartado postal del tribunal que no es controlado por la Secretaría, se arriesgaron –sin causa justificada– a que la notificación fuese tardía y contraria al Reglamento. Posteriormente, se opusieron a la solicitud para presentar la exposición narrativa de la prueba oral presentada por los recurridos.

Ante la falta de objeción de los peticionarios, el tribunal apelativo acogió la exposición narrativa estipulada presentada por los recurridos. Inconformes, los peticionarios solicitaron reconsideración a los fines de que se excluyera del expediente el "Proyecto de Exposición Narrativa de Prueba Oral."

Posteriormente, los recurridos presentaron "Escrito para Acreditar Cumplimiento con Requisito de Notificación al Tribunal de Primera Instancia" alegando que, en su oposición a la moción de desestimación, quedó demostrado que le notificaron al tribunal de instancia de su escrito de apelación dentro del término requerido, por cuanto la fecha determinante es la del depósito en el correo.[6] Así, pues, solicitaron que se denegara la moción de desestimación.

---

[6] Aunque los recurridos no presentaron la certificación requerida por el tribunal apelativo, presentaron: fotocopia de la página del libro del Registro de Correspondencia de la Oficina del Procurador General de 15 de marzo de 1999; fotocopia de la página del libro del Registro de Correspondencia de la Oficina de Correo del Departamento de Justicia de 15 de marzo de 1999; y fotocopia de la página del libro del Correo del Tribunal de Primera Instancia de Carolina de 17 de marzo de 1999, de donde se desprende que el 17 de marzo de 1999, es decir dentro de las cuarenta y ocho (48) horas desde la presentación del recurso de apelación ante el foro apelativo, se registró en el tribunal de instancia el recibo de copia de dicho recurso. Véase, Apéndice, págs. 941-944.

El 2 de junio de 1999[7], el tribunal apelativo declaró con lugar la moción de reconsideración presentada por los peticionarios y les concedió veinte (20) días para reunirse con las demás partes a los fines de preparar una exposición estipulada de la prueba. Sin embargo, denegó la moción de desestimación presentada por los peticionarios, por haberse acreditado que el recurso se le notificó a ambos tribunales dentro del plazo legal.

Inconformes, los peticionarios acuden ante nos mediante petición de certiorari formulando los siguientes señalamientos de error:

> "[e]rró el Tribunal de Circuito de Apelaciones al no atender previo a disponer sobre el sometimiento de exposición narrativa de la prueba oral o en conjunto con su resolución notificada el 17 de junio de 1999 los planteamientos relativos a la improcedencia de presentación de alegato por el estado en el recurso de apelación presentado por los peticionarios.
>
> Erró el Tribunal de Circuito de Apelaciones al disponer la presentación de una exposición estipulada de la prueba (entiéndase por ello una exposición narrativa de la prueba oral).
>
> Erró el Tribunal de Circuito de Apelaciones al no disponer por falta de jurisdicción la desestimación del recurso de apelación presentado por el estado."

El 10 de septiembre de 1999 expedimos auto de *certiorari,* a los únicos fines de atender el tercer señalamiento de error. Con el beneficio de ambas comparecencias, procedemos a resolver.

II

La Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone lo siguiente con respecto a la presentación y notificación de las apelaciones de sentencias en casos civiles:

> "(A) La apelación se formalizará presentando el original del escrito de apelación y cuatro (4) copias en la Secretaría del Tribunal de Circuito de Apelaciones, o presentando el original en la

---

[7] Notificada el 17 de junio de 1999.

Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada dentro del término antes indicado.

(B) De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto.

(C) De presentarse el recurso de apelación en la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, la parte apelante deberá notificar a la Secretaría del Tribunal de Circuito de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, cuatro (4) copias del escrito, debidamente selladas por la Secretaría de la sede del Tribunal de Primera Instancia con la fecha y hora de presentación. **En este caso, de enviarse por correo, la fecha del depósito de las cuatro (4) copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Circuito de Apelaciones.** El término aquí dispuesto será de cumplimiento estricto.

(D) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación se presentarán solamente en la Secretaría del Tribunal de Circuito de Apelaciones, en original y cuatro (4) copias. Dichas mociones y escritos podrán enviarse por correo, pero en ese caso, si tuvieren términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes en el recurso y en la moción o escrito se certificará la forma en que se hizo la notificación." (Enfasis nuestro.)

Por su parte, la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece un requisito similar de notificación de los recursos de apelación presentados ante el tribunal apelativo. A esos fines establece que:

"[e]l recurso de apelación se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones. De presentarse el recurso de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, el

apelante deberá notificar a la secretaría del Tribunal de Circuito de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, el número reglamentario de copias del escrito, debidamente selladas por la secretaría de la sede del Tribunal de Primera Instancia con la fecha y horas de presentación. De presentarse en la secretaría del Tribunal de Circuito de Apelaciones, el apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación."

Cabe indicar que el propósito de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22 *et seq.*, fue facilitar el acceso de las partes al procedimiento de revisión de una sentencia del Tribunal de Primera Instancia, bien fuera mediante recurso de apelación o certiorari. Dentro de ese procedimiento y como mecanismo para facilitar dicho acceso, permite que los recursos a ser evaluados por el Tribunal de Circuito de Apelaciones sean presentados ante cualesquiera de las sedes de los tribunales de primera instancia. De ese modo, bajo el esquema constitucional de un sistema judicial unificado, el Legislador le imprimió así al tribunal de instancia, para fines de su presentación, una característica similar a la secretaría del Tribunal de Circuito de Apelaciones, a base del carácter regional que tiene el Tribunal de Circuito de Apelaciones que, aunque tiene su sede central en San Juan, está constituido por once (11) paneles regionales. Por tal motivo, el recurso presentado en el Tribunal de Primera Instancia correspondiente puede ser notificado por correo certificado a la secretaría del Tribunal de Circuito de Apelaciones. De igual forma, permite que un recurso presentado en la secretaría del Tribunal de Circuito de Apelaciones sea notificado al Tribunal de Primera Instancia recurrido.

Nótese que la razón por la cual el Tribunal de Primera Instancia ha de ser notificado de la presentación de una apelación ante el Tribunal de Circuito de Apelaciones es porque la misma tiene el efecto de paralizar los procedimientos a nivel de instancia.[8] Por su parte, cuando el recurso presentado ante el Tribunal de Circuito de Apelaciones sea un certiorari, habrá de notificarse al Tribunal de Primera Instancia con el propósito de que quede enterado de tal presentación.

Surge claramente del inciso (C) de la Regla 14 del Tribunal de Circuito de Apelaciones, *supra*, que un recurso de apelación presentado ante el Tribunal de Primera Instancia puede notificarse al Tribunal de Circuito de Apelaciones –dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito–, bien sea personalmente o mediante depósito en el correo. Sin embargo, cuando el recurso es presentado ante el Tribunal de Circuito de Apelaciones y, por ende, ha de notificarse al tribunal de instancia dentro del término establecido, la regla no dispone específicamente para que dicha notificación pueda hacerse mediante depósito en el correo.

Lo anterior nos podría dar a entender que la apelación no puede notificarse al tribunal de instancia mediante depósito en el correo. No obstante, nos parece absurdo llegar a tal conclusión. El Tribunal de Circuito de Apelaciones es el foro a evaluar el recurso de apelación. ¿Por qué razón habríamos de permitir que el Tribunal de Circuito de Apelaciones sea notificado por correo de la presentación del recurso de apelación cuando éste se presenta en el Tribunal de Primera Instancia y no permitir que cuando el recurso se presenta ante el foro apelativo

─────────────

[8] Véase, Artículo 4002 de la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22K(j); Regla 18 del Reglamento Tribunal de Circuito de Apelaciones, *supra*.

propiamente, la notificación al tribunal de instancia no pueda hacerse por correo?

Cabe señalar que la Regla 13 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, establece el término jurisdiccional que tiene la parte apelante para notificarle a las demás partes del escrito de apelación presentado.[9] En vista de que dicha notificación puede hacerse mediante correo certificado con acuse de recibo, y tratándose de un término jurisdiccional, no vemos por qué debemos impedir que una parte notifique por correo al Tribunal de Primera Instancia de la presentación de una apelación ante el Tribunal de Circuito de Apelaciones, cuando el término establecido a esos fines en el inciso (B) de la Regla 14, *supra*, es de cumplimiento estricto.

En *Ramos v. Condominio Diplomat*, 117 D.P.R. 641 (1986), reiterado en *Eastern Sands, Inc. v. Roig Commercial Bank*, Opinión de 30 de junio de 1998, 98 T.S.P.R. 97, 98 J.T.S. 93, aclaramos que el requisito de notificar los recursos a las partes mediante correo certificado con acuse de recibo responde a la buena práctica forense, por ser éste un mecanismo conveniente a los fines de establecer cumplidamente y sin lugar a dudas la fecha del depósito en el correo.[10] No obstante, allí también esclarecimos que ello no implica que la fecha de notificación no

---

[9] En lo pertinente, el inciso (B) de dicha Regla dispone que:

"[l]a parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia. Cuando se efectúe por correo certificado con acuse de recibo, se remitirá la notificación a las partes a la dirección postal que surja del último escrito que conste en el expediente del caso...."

[10] Véase, además, *Campos del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 347 (1982).

pueda establecerse por otros medios igualmente efectivos. Sobre el particular, sostuvimos que:

> "[N]o surge...que exista al presente distinción válida entre correo certificado u ordinario a los efectos de determinar el momento en que se *perfecciona* una notificación. Nuestras expresiones en el sentido de que cuando se utiliza el mecanismo de correo ordinario lo determinante es *probar la fecha del depósito en el correo,* significan que el acto del depósito es lo crucial para propósitos de estimarse perfeccionada a tiempo la notificación. Así, quien utiliza sabiamente la vía del correo certificado está relevado de probar la fecha en que depositó la notificación en el correo. A la inversa, al usuario del correo ordinario no le acompaña la fehaciencia del correo certificado. Por ende, potencialmente, crea a su riesgo una controversia. Le corresponde acreditar mediante prueba suficiente. Se expone a que se desestime su recurso de no concederle el tribunal apelativo crédito o valor probatorio en cuanto a la fecha del depósito. Por tal razón la buena práctica forense aconseja en estos casos el uso del correo certificado." (Bastardillas en el original.) *Ramos v. Condominio Diplomat,* supra, págs. 643-644.

Por las razones que anteceden, resolvemos que un recurso de apelación, presentado ante el Tribunal de Circuito de Apelaciones, puede notificarse al tribunal de instancia personalmente, o por correo ordinario, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. Cuando, según lo indicado en el inciso (C) de la Regla 14, *supra,* la notificación se haga por correo, la fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia.

En el caso de autos, los recurridos le remitieron al Tribunal de Primera Instancia, por correo certificado con acuse de recibo, copia del escrito de apelación el mismo día que presentaron dicho recurso ante el Tribunal de Circuito de Apelaciones el 15 de marzo de 1999. Así, pues, concluimos que los recurridos notificaron al tribunal de instancia conforme a derecho.

Expedido previamente el auto de *certiorari*, se dicta sentencia confirmando el dictamen del Tribunal de Circuito de

Apelaciones y se devuelve el caso a dicho tribunal para la continuación de los procedimientos en armonía con lo aquí dispuesto.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José M. Acevedo Alvarez
y otros

    Demandantes-Peticionarios

       v.                    CC-1999-474      Certiorari

Estado Libre Asociado de
Puerto Rico y Administración
de Vivienda Rural

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 26 de abril de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente y expedido previamente el auto de *certiorari*, se dicta sentencia confirmando el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso a dicho tribunal para la continuación de los procedimientos en armonía con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita. La Juez Asociada señora Naveira de Rodón no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo