EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Merced García Morales<br>    Recurrido<br><br>              v.<br><br>Ángela Mercado Rosario<br>        Peticionaria<br><br>---------------------------<br>Carmen Meléndez<br>    Peticionaria<br>            v.<br><br>Roberto Santana Salas y Otros<br>    Recurridos | Certiorari<br><br>2014 TSPR 43<br><br>190 DPR ____ |

Número del Caso:  CC-2013-477
                  CC-2013-556


Fecha: 19 de marzo de 2014


## CC-2013-477

Tribunal de Apelaciones, Región Judicial de Fajardo


Abogado de la Parte Peticionaria:

        Lcdo. Josué D. De León Rodríguez


Abogada de la Recurrida:

        Lcda. Leticia Pabón Ortiz

## CC-2013-556

Tribunal de Apelaciones, Región Judicial de Mayagüez

Abogado de la Parte Peticionaria:

            Lcdo. Miguel Clar Reyes
            Lcdo. Roberto Cardona Ubiñas

Abogado de la Parte Recurrida:

            Lcdo. Celedonio Lozada Gentile
            Lcdo. Samuel Rodríguez López


Materia: Procedimiento Apelativo – Métodos de notificación del recurso de Certiorari ante el Tribunal de Apelaciones.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Merced García Morales
    Recurrido

        v.

Ángela Mercado Rosario
    Peticionaria                 CC-2013-477     Certiorari
---------------------------    Cons. con
Carmen Meléndez
    Peticionaria
        v.                 CC-2013-556     Certiorari

Roberto Santana Salas y Otros
    Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 19 de marzo de 2014.

En esta ocasión, debemos resolver si el Reglamento del Tribunal de Apelaciones de 2004, 4 L.P.R.A. Ap. XXII-B, permite que la notificación de la presentación de un recurso de *certiorari* ante ese foro se realice mediante correo certificado. Por responder en la afirmativa, revocamos dos Sentencias en las que el foro apelativo intermedio se declaró sin jurisdicción por falta de notificación.

I.

Esta opinión atiende dos recursos consolidados por este Tribunal: Merced García Morales v. Ángela Mercado Rosario, CC-2013-0477, y Carmen Meléndez v. Roberto Santana Salas y Otros, CC-2013-0556. A continuación, resumimos los hechos que originaron ambos casos.

A. **Merced García Morales v. Ángela Mercado Rosario**, CC-2013-0477

La Sra. Ángela Mercado Rosario solicitó el relevo de una sentencia de división de bienes gananciales emitida en marzo de 2012. El Tribunal de Primera Instancia denegó el relevo y sostuvo su denegatoria tras una moción de reconsideración.

Insatisfecha, el 21 de noviembre de 2012, la señora Mercado Rosario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Ese mismo día notificó por correo certificado el recurso presentado a la parte contraria y al foro primario.

El foro apelativo intermedio se declaró sin jurisdicción y desestimó el recurso, por entender que la señora Mercado Rosario incumplió con el requisito reglamentario de notificar al Tribunal de Primera Instancia la portada del recurso sellada dentro de las 72 horas de su presentación, según requerido por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*. Interpretó que la notificación realizada mediante correo certificado no era válida, pues debió presentarse personalmente ante la Secretaría del Tribunal de Primera Instancia.

La señora Mercado Rosario presentó oportunamente una moción de reconsideración. Sostuvo que el Reglamento del Tribunal de Apelaciones reconocía la notificación mediante correo certificado y presentó evidencia de que notificó el recurso de *certiorari* al foro primario el mismo día de su presentación. El foro apelativo intermedio denegó

reconsiderar. En desacuerdo, la señora Mercado Rosario acudió ante nos.

**B.** **Carmen Meléndez v. Roberto Santana Salas y Otros**, CC-2013-0556.

La Sra. Carmen Meléndez presentó una demanda de daños y perjuicios sobre difamación y destitución contra el Sr. Roberto Santana Salas, el Mayagüez Board of Realtor y otros. Celebrado el juicio en su fondo, la parte demandada solicitó la desestimación de la demanda. El Tribunal de Primera Instancia desestimó la reclamación por difamación, pero denegó desestimar la acción sobre destitución. La demandante presentó una moción de reconsideración, la cual fue denegada mediante resolución notificada el 26 de diciembre de 2012.

Insatisfecha, el 25 de enero de 2013, la señora Meléndez presentó un recurso de *certiorari* ante la Secretaría del Tribunal de Primera Instancia, Sala Superior de Mayagüez. El Tribunal de Apelaciones recibió copia del recurso el 5 de febrero de 2013. Luego, el foro apelativo intermedio desestimó el recurso por falta de jurisdicción, tras concluir que no fue presentado dentro del término de 48 horas dispuesto por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*. La señora Meléndez presentó una moción de reconsideración, a la que adjuntó evidencia documental de que el recurso había sido notificado por correo certificado dentro del término de 48 horas. El Tribunal de Apelaciones denegó reconsiderar. Todavía inconforme, la señora Meléndez recurrió ante este Tribunal. Visto este recurso, así como el discutido en el acápite anterior, ordenamos su consolidación

y concedimos a las partes recurridas un término de veinte días para que mostraran causa por la cual no debíamos revocar las Sentencias dictadas por el Tribunal de Apelaciones. La parte recurrida en el caso Merced García Morales v. Ángela Mercado Rosario, CC-2013-0477, no compareció.[1] De otro lado, la parte recurrida en el caso Carmen Meléndez v. Roberto Santana Salas y Otros, CC-2013-0556, compareció mediante "Escrito en cumplimiento de orden y en oposición a que se expida el *certiorari* solicitado". Así las cosas, procedemos a resolver.

## II.

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Pérez Soto v. Cantera Pérez, Inc., 2013 T.S.P.R. 24, 188 D.P.R. __ (2013); Gran Vista I v. Gutiérrez y Otros, 170 D.P.R. 174, 185 (2007). Al respecto, la Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24 *et seq.* (Ley de

---

[1] La representante legal del Sr. Merced García Morales presentó una Moción en Cumplimiento de Orden en la cual indicó que no ha podido contactar a su cliente, quien tiene el expediente del caso y se encuentra fuera de Puerto Rico recibiendo tratamiento médico tras sufrir derrames cerebrales. Sobre la controversia que nos ocupa, aseveró que el Reglamento del Tribunal de Apelaciones, *supra*, "es claro en cuanto a las exigencias de cumplimiento estricto sobre los temas de presentación y notificación. No obstante, por no contar con copia de los documentos mencionados en su Certiorari por la parte Peticionaria, no podríamos entrar a analizar ese asunto". Solicitó que tomemos "conocimiento del expediente completo sobre el presente asunto, de manera que se pueda realizar la evaluación de las contenciones presentadas por la parte peticionaria, toda vez que esta abogada no tiene forma de argumentar en contra de lo solicitado por la Parte Peticionaria con evidencia fiel y exacta de lo [que] pudiéramos alegar por las razones antes indicadas".

la Judicatura), dispone que corresponde a esta Curia diseñar reglas para asegurar que cada ciudadano tenga acceso fácil, económico y efectivo al foro apelativo. En cumplimiento con lo ordenado, aprobamos el Reglamento del Tribunal de Apelaciones de 2004, *supra*. In re: Reglamento del Tribunal de Apelaciones, 162 D.P.R. 444 (2004).

En cuanto a la interpretación del Reglamento mencionado, *supra*, el Art. 4.004 de la Ley de la Judicatura, 4 L.P.R.A. sec. 24w, dispone que este contendrá "reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes". Conforme a este mandato, la Regla 2 de dicho cuerpo reglamentario, *supra*, establece que "[e]stas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía". A esos efectos, dispone que el Reglamento está dirigido a

(1) Ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.

[…]

(2) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. Íd.

Del mismo modo, la Regla 12.1 del Reglamento, *supra*, titulada "Norma de interpretación de las disposiciones sobre

notificación y forma", establece en lo pertinente que "[l]as disposiciones sobre los requisitos de notificación a las partes y al Tribunal […] deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos". De hecho, esta Regla permite que se provea oportunidad razonable para la corrección de defectos de forma o de notificación, siempre que ello no afecte los derechos de las partes. Íd.

Por nuestra parte, hemos reiterado que las normas que rigen el perfeccionamiento de los recursos apelativos deben cumplirse rigurosamente, para colocar a los tribunales apelativos en posición de ejercer correctamente su función revisora. Soto Pino v. Uno Radio Group, 2013 T.S.P.R. 75, 188 D.P.R. __ (2013); Maldonado v. Taco Maker, 181 D.P.R. 281, 290 (2011). Sin embargo, hemos rechazado que este tipo de requisito reglamentario se interprete y aplique restrictivamente, cuando ello derrote el interés de que los casos se vean en los méritos. Pérez Soto v. Cantera Pérez, Inc., *supra*.

Expuesto lo anterior, examinemos las disposiciones reglamentarias aplicables a los casos de epígrafe.

La Parte IV del Reglamento del Tribunal de Apelaciones, *supra*, reglamenta lo relacionado con los recursos de *certiorari* presentados ante ese foro para revisar resoluciones emitidas por el Tribunal de Primera Instancia. En lo pertinente, la Regla 33(A) de ese Reglamento, *supra*, dispone lo siguiente:

(A) *Manera de presentarlo.-* El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones, y sus tres (3) copias, podrá presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.

Cuando el recurso de *certiorari*, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página del recurso debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. De presentarse el recurso de *certiorari* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del escrito de *certiorari* y la parte peticionaria notificará a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado y tres (3) copias del mismo debidamente selladas por la Secretaría del tribunal recurrido con la fecha y la hora de su presentación. El término aquí dispuesto será de cumplimiento estricto. Íd.

Vemos, pues, que la Regla citada es clara al disponer que, si el recurso de *certiorari* se presenta en el foro primario, su presentación tiene que notificarse al foro apelativo intermedio dentro del término de cumplimiento estricto de 48 horas. En cambio, si el recurso se presenta en el Tribunal de Apelaciones, tiene que notificarse al foro de primera instancia dentro del término de cumplimiento estricto de 72 horas. No obstante, esta Regla no establece de qué forma puede realizarse la notificación requerida. Consiguientemente, es necesario hacer una lectura integral

del Reglamento del Tribunal de Apelaciones, *supra*, a la luz de las normas que rigen su interpretación.

La Regla 14 del referido Reglamento, *supra*, también permite que el recurso de apelación en casos civiles se presente en la Secretaría de ese foro o en la Secretaría del Tribunal de Primera Instancia, sujeto al mismo requisito de notificación contenido en la Regla 33(A), *supra*. En cuanto a este requisito, el inciso (C) de la Regla 14, *supra*, establece que, si la parte apelante presenta el recurso en la Secretaría del foro primario, notificará a la Secretaría del Tribunal de Apelaciones dentro del término de 48 horas luego de su presentación. También dispone que "[e]n este caso, de enviarse por correo, la fecha del depósito del original y las tres (3) copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Apelaciones". Íd. Sobre la versión anterior de esta Regla, señalamos en <u>Acevedo Álvarez v. E.L.A.</u>, 150 D.P.R. 866, 876-877 (2000), que esta guardaba silencio sobre la notificación al Tribunal de Primera Instancia cuando se presentaba el recurso ante el Tribunal de Apelaciones. Al interpretar integralmente el Reglamento conforme a sus propósitos, determinamos que

> un recurso de apelación, presentado ante el Tribunal de Circuito de Apelaciones, puede notificarse al tribunal de instancia personalmente, o por correo ordinario, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo […] la fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia. Íd.

De otro lado, la Regla 24 del Reglamento del Tribunal de Apelaciones de 2004, *supra*, establece lo siguiente sobre los recursos de apelación para revisar sentencias emitidas por el foro primario en casos criminales:

> (A) La apelación se formalizará presentando el original del escrito de apelación y tres (3) copias, en la Secretaría del Tribunal de Apelaciones. Será responsabilidad de la parte apelante notificar a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, una copia de tal escrito debidamente sellada con la fecha y hora de su presentación. El término aquí dispuesto será de cumplimiento estricto.

> (B) La apelación podrá formalizarse también presentando en el Tribunal de Primera Instancia que dictó la sentencia el original de dicho escrito. En ese caso, el apelante deberá notificar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, **ya sea mediante entrega personal o por correo**, tres (3) copias del escrito de apelación debidamente selladas con fecha y hora de presentación. El término aquí dispuesto será de cumplimiento estricto. (Énfasis suplido). Íd.

En <u>Pueblo v. Santana Vélez</u>, 168 D.P.R. 30 (2006), interpretamos esta Regla y revocamos una Sentencia del Tribunal de Apelaciones que desestimó por falta de jurisdicción una apelación de una sentencia criminal. En ese caso, el recurso se presentó en la Secretaría del Tribunal de Primera Instancia y la notificación al Tribunal de Apelaciones fue depositada en el correo dentro del término de 48 horas dispuesto para ello. Íd. Sin embargo, el foro apelativo intermedio recibió la notificación fuera de dicho término. Íd. Analizamos lo siguiente:

En el caso de autos, la Regla 24(B) del Reglamento del Tribunal de Apelaciones de 2004 incluye la posibilidad de notificar por correo a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas de haberse presentado el recurso de apelación de un caso criminal en el Tribunal de Primera Instancia. 4 L.P.R.A. Ap. XXII-B. Nada dice respecto a la notificación al tribunal de instancia de un recurso presentado en el Tribunal de Apelaciones. No obstante, al igual que en *Acevedo Álvarez v. E.L.A.*, supra, no vemos razón para no permitir que se notifique por correo al Tribunal de Primera Instancia en caso de presentarse el recurso ante el foro apelativo intermedio. Por las mismas razones que entonces, aunque la regla nos podría dar a entender que la apelación no puede notificarse al tribunal de instancia mediante depósito en el correo, nos parece absurdo llegar a tal conclusión.

Dicho esto, pautamos que

[a] la luz de la intención legislativa que se infiere de la reglamentación vigente, resulta forzoso resolver que cuando se presente una apelación en la Secretaría del Tribunal de Primera Instancia y se notifique al Tribunal de Apelaciones por correo ordinario o correo certificado con acuse de recibo, la fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del tribunal apelativo. Resulta forzoso concluir que lo mismo es cierto cuando se presente el recurso en el foro apelativo y deba, por lo tanto, notificarse al de instancia. Esta interpretación reduce las desestimaciones por defectos de forma y promueve el acceso a los tribunales en la etapa apelativa. Llegar a otra determinación impondría una barrera no sólo jurisdiccional, sino económica, que resultaría innecesaria y contraria al propósito de la ley.

Por otra parte, recientemente interpretamos la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra*, y validamos una notificación a las partes de un recurso apelativo realizada mediante un servicio de correo postal privado. <u>Pérez Soto v. Cantera Pérez, Inc.</u>, *supra*.

En síntesis, el Reglamento del Tribunal de Apelaciones, *supra*, guarda silencio sobre el método mediante el cual debe realizarse la notificación de la presentación del recurso de *certiorari* al tribunal correspondiente. No obstante, al evaluar dicho cuerpo reglamentario en su totalidad, se desprende que las Reglas 14 y 24 de dicho cuerpo reglamentario, *supra*, reconocen la notificación mediante correo certificado para los recursos de apelación en casos civiles y criminales, respectivamente. No vemos razón alguna por la cual debamos conferir un trato distinto a la notificación de la presentación de los recursos de *certiorari* para revisar resoluciones emitidas por el Tribunal de Primera Instancia. Consecuentemente, concluimos que el Reglamento del Tribunal de Apelaciones de 2004, *supra*, permite que la notificación de la presentación de un recurso de *certiorari* se realice mediante correo certificado. La fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del Tribunal de Primera Instancia o en la del Tribunal de Apelaciones, según corresponda.

Esta interpretación es cónsona con los propósitos perseguidos por el Art. 4.004 de la Ley de la Judicatura, *supra*, y el propio Reglamento del Tribunal de Apelaciones, *supra*: facilitar a la ciudadanía el acceso a la justicia apelativa y reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación para que las controversias judiciales se atiendan en los méritos. Asimismo, es consecuente con lo resuelto en Pueblo v. Santana Vélez, *supra*, y en Acevedo Álvarez v. E.L.A., *supra*. Como

hemos expresado, interpretar lo contrario "impondría una carga muy onerosa para el peticionario y prácticamente dejaría en desuso la opción de notificar por correo. Dicha interpretación obligaría al peticionario a utilizar servicios privados de envío que resultan en gastos innecesarios y adicionales a los ya costosos trámites de litigación". Pueblo v. Santana Vélez, *supra*, pág. 44.

### III.

Conforme al marco jurídico expuesto anteriormente, evaluamos los casos ante nuestra consideración.

### A. Merced García Morales v. Ángela Mercado Rosario, CC-2013-0477

La señora Mercado Rosario presentó oportunamente un recurso de *certiorari* ante el Tribunal de Apelaciones el 21 de noviembre de 2012. Ese mismo día, notificó la presentación del recurso al Tribunal de Primera Instancia a través de correo certificado. Asimismo, notificó a la otra parte. El representante legal de la señora Mercado Rosario certificó esta notificación en el recurso, con la especificidad de que la copia notificada reflejaba la hora y día de su presentación ante el foro apelativo intermedio.

No obstante, el Tribunal de Apelaciones concluyó que la señora Mercado Rosario no cumplió con la notificación requerida, pues ese foro no reconoció el correo certificado como un medio válido para realizarla. Como vimos, a la luz de nuestra interpretación, sostenemos que el Reglamento del Tribunal de Apelaciones, *supra*, permite que la presentación

de un recurso de *certiorari* se notifique al foro primario mediante correo certificado. Consecuentemente, la señora Mercado Rosario cumplió con el requisito de notificación en controversia, por lo que es forzoso concluir que el Tribunal de Apelaciones erró al desestimar su recurso de *certiorari*.

B. **Carmen Meléndez v. Roberto Santana Salas y Otros**, CC-2013-0556.

La señora Meléndez presentó oportunamente un recurso de *certiorari* ante la Secretaría del Tribunal de Primera Instancia el 25 de enero de 2013. Dentro del término de 48 horas siguientes, envió por correo certificado al Tribunal de Apelaciones la notificación de la presentación del recurso. Sin embargo, el foro apelativo intermedio recibió copia del recurso el 5 de febrero de 2013. Ese foro desestimó el recurso por falta de jurisdicción.

El Reglamento del Tribunal de Apelaciones, *supra*, permite a la parte apelante presentar ante la Secretaría del Tribunal de Primera Instancia su recurso de *certiorari*, siempre que notifique al Tribunal de Apelaciones dentro del término de cumplimiento estricto de 48 horas. Esta notificación puede realizarse mediante correo certificado y la fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del Tribunal de Apelaciones. Siendo así, el Tribunal de Apelaciones fue notificado de la presentación del recurso de *certiorari* dentro del término reglamentario. Erró al concluir lo contrario y desestimar el recurso de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, se revocan las Sentencias emitidas por el Tribunal de Apelaciones y se devuelven los casos de epígrafe a dicho foro para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Merced García Morales
   Recurrido

       v.

Ángela Mercado Rosario
   Peticionaria                  CC-2013-477
Certiorari
----------------------------     Cons. con
Carmen Meléndez
   Peticionaria
        v.                  CC-2013-556
Certiorari

Roberto Santana Salas y Otros
   Recurridos

SENTENCIA

San Juan, Puerto Rico, a 19 de marzo de 2014.

Por los fundamentos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revocan las Sentencias emitidas por el Tribunal de Apelaciones y se devuelven los casos de epígrafe a dicho foro para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo