El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
En esta ocasión, debemos resolver si el Reglamento del Tribunal de Apelaciones de 2004 (4 LPRA Ap. XXII-B) permite que la notificación de la presentación de un recurso de certiorari ante ese foro se realice mediante correo certificado. Por responder en la afirmativa, revocamos dos Sentencias en las que el foro apelativo intermedio se de-claró sin jurisdicción por falta de notificación.
I
Esta opinión atiende dos recursos consolidados por este Tribunal: Merced García Morales v. Ángela Mercado Rosa *636 rio, CC-2013-0477, y Carmen Meléndez v. Roberto Santana Salas y otros, CC-2013-0556. A continuación, resumimos los hechos que originaron ambos casos.
A. Merced García Morales v. Angela Mercado Rosario, CC-2013-0477
La Sra. Ángela Mercado Rosario solicitó el relevo de una sentencia de división de bienes gananciales emitida en marzo de 2012. El Tribunal de Primera Instancia denegó el relevo y sostuvo su denegatoria tras una moción de reconsideración.
Insatisfecha, el 21 de noviembre de 2012, la señora Mer-cado Rosario presentó un recurso de certiorari ante el Tribunal de Apelaciones. Ese mismo día notificó por correo certificado el recurso presentado a la parte contraria y al foro primario.
El foro apelativo intermedio se declaró sin jurisdicción y desestimó el recurso por entender que la señora Mercado Rosario incumplió con el requisito reglamentario de notificar al Tribunal de Primera Instancia la portada del recurso sellada dentro de las setenta y dos horas de su presentación, según requerido por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Interpretó que la notificación realizada mediante correo certificado no era válida, pues se debió presentar personalmente ante la Secretaría del Tribunal de Primera Instancia.
La señora Mercado Rosario presentó, oportunamente, una moción de reconsideración. Sostuvo que el Reglamento del Tribunal de Apelaciones reconocía la notificación me-diante correo certificado y presentó evidencia de que noti-ficó el recurso de certiorari al foro primario el mismo día de su presentación. El foro apelativo intermedio denegó reconsiderar. En desacuerdo, la señora Mercado Rosario acudió ante nos.
*637 B. Carmen Meléndez v. Roberto Santana Salas y otros, CC-2013-0556
La Sra. Carmen Meléndez presentó una demanda de daños y perjuicios sobre difamación y destitución en contra del Sr. Roberto Santana Salas, el Mayagüez Board of Realtor y otros. Celebrado el juicio en su fondo, la parte deman-dada solicitó la desestimación de la demanda. El Tribunal de Primera Instancia desestimó la reclamación por difama-ción, pero denegó desestimar la acción sobre destitución. La demandante presentó una moción de reconsideración, la cual fue denegada mediante resolución notificada el 26 de diciembre de 2012.
Insatisfecha, el 25 de enero de 2013, la señora Meléndez presentó un recurso de certiorari ante la Secretaría del Tribunal de Primera Instancia, Sala Superior de Mayagüez. El Tribunal de Apelaciones recibió copia del recurso el 5 de febrero de 2013. Luego, el foro apelativo intermedio deses-timó el recurso por falta de jurisdicción, tras concluir que no se presentó dentro del término de cuarenta y ocho horas dispuesto por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, supra. La señora Meléndez presentó una moción de reconsideración, a la que adjuntó evidencia do-cumental de que el recurso se había notificado por correo certificado dentro del término de cuarenta y ocho horas. El Tribunal de Apelaciones denegó reconsiderar. Todavía in-conforme, la señora Meléndez recurrió ante este Tribunal. Visto este recurso, así como el discutido en el acápite anterior, ordenamos su consolidación y concedimos a las partes recurridas un término de veinte días para que mostraran causa por la cual no debíamos revocar las Sentencias dic-tadas por el Tribunal de Apelaciones. La parte recurrida en Merced García Morales v. Ángela Mercado Rosario, CC-2013-0477, no compareció.(1) Por otro lado, la parte recu- *638 rrida en Carmen Meléndez v. Roberto Santana Salas y otros, CC-2013-0556, compareció mediante “Escrito en cumplimiento de orden y en oposición a que se expida el certiorari solicitado”. Así las cosas, procedemos a resolver.
II
Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98 (2013); Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 185 (2007). Al respecto, la Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003 (Ley de la Judicatura), 4 LPRA see. 24 et seq., dispone que corresponde a esta Curia diseñar reglas para asegurar que cada ciudadano tenga acceso fácil, económico y efectivo al foro apelativo. En cumplimiento con lo ordenado, aprobamos el Reglamento del Tribunal de Apelaciones de 2004. In re Aprobación Reglamento T.A., 162 DPR 444 (2004).
En cuanto a la interpretación del mencionado Reglamento, el Art. 4.004 de la Ley de la Judicatura, 4 LPRA sec. 24w, dispone que este contendrá “reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes [...]”. Conforme a este mandato, la Regla 2 del *639 Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que “[e]stas reglas se interpretarán de modo que propicien un sistema de justicia que provea ac-ceso para atender los reclamos de la ciudadanía [...]”. A esos efectos, dispone que este reglamento está dirigido a:
(1) Ofrecer acceso fácil, económico y efectivo al tribunal, eli-minando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.
........
(3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. íd.
Del mismo modo, en la Regla 12.1, titulada “Norma de interpretación de las disposiciones sobre notificación y forma”, se establece en lo pertinente que “[fias disposiciones sobre los requisitos de notificación a las partes y al tribunal [...] deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos”. 4 LPRA Ap. XXII-B. Asimismo, permite que se provea oportunidad razonable para corregir defectos de forma o de notificación, siempre que ello no afecte los derechos de las partes. Id.
Por nuestra parte, hemos reiterado que las normas que rigen el perfeccionamiento de los recursos apelativos se deben cumplir rigurosamente para colocar a los tribunales apelativos en posición de ejercer correctamente su función revisora. Soto Pino v. Uno Radio Group, 189 DPR 84 (2013); Hernández Maldonado v. Taco Maker, 181 DPR 281, 290 (2011). Sin embargo, hemos rechazado que este tipo de requisito reglamentario se interprete y aplique restrictivamente, cuando ello derrote el interés de que los casos se vean en los méritos. Pérez Soto v. Cantera Pérez, Inc. et al., supra.
Expuesto lo anterior, examinemos las disposiciones re-glamentarias aplicables a los casos de epígrafe.
*640 La Parte IV del Reglamento del Tribunal de Apelaciones reglamenta lo relacionado con los recursos de certiorari presentados ante ese foro para revisar resoluciones emitidas por el Tribunal de Primera Instancia. En lo pertinente, la Regla 33(A) del citado Reglamento, supra, dis-pone lo siguiente:
(A) Manera de presentarlo.— El recurso de certiorari que se someta a la consideración del Tribunal de Apelaciones, y sus tres (3) copias, podrá presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.
Cuando el recurso de certiorari, junto con el arancel corres-pondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página del recurso debidamente se-llada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. De presentarse el recurso de certio-rari en la Secretaría de la sede del Tribunal de Primera Ins-tancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del es-crito de certiorari y la parte peticionaria notificará a la Secre-taría del Tribunal de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado y tres (3) copias del mismo debidamente selladas por la Secretaría del tribunal recurrido con la fecha y la hora de su presentación. El término aquí dispuesto será de cumplimiento estricto.
Vemos, pues, que esta regla es clara al disponer que, si el recurso de certiorari se presenta en el foro primario, su presentación se tiene que notificar al foro apelativo inter-medio dentro del término de cumplimiento estricto de cua-renta y ocho horas. En cambio, si el recurso se presenta en el Tribunal de Apelaciones, se tiene que notificar al foro de primera instancia dentro del término de cumplimiento es-tricto de setenta y dos horas. No obstante, esta regla no establece de qué forma se puede realizar la notificación *641 requerida. Consiguientemente, es necesario hacer una lec-tura integral del Reglamento del Tribunal de Apelaciones de acuerdo con las normas que rigen su interpretación.
La Regla 14 del referido Reglamento, 4 LPRA Ap. XXII-B, también permite que el recurso de apelación en casos civiles se presente en la Secretaría de ese foro o en la Secretaría del Tribunal de Primera Instancia, sujeto al mismo requisito de notificación contenido en la Regla 33(A), supra. En cuanto a este requisito, el inciso (C) de la Regla 14, supra, establece que si la parte apelante presenta el recurso en la Secretaría del foro primario, notificará a la Secretaría del Tribunal de Apelaciones dentro del término de cuarenta y ocho horas luego de su presentación. También dispone que, “[e]n este caso, de enviarse por correo, la fecha del depósito del original y las tres (3) copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Apelaciones”. íd. Sobre la versión anterior de esta Regla, señalamos en Acevedo Álvarez v. E.L.A., 150 DPR 866, 876-877 (2000), que esta guardaba silencio sobre la notificación al Tribunal de Primera Instancia cuando se presentaba el recurso ante el Tribunal de Apelaciones. Al interpretar integralmente el Reglamento conforme a sus propósitos, determinamos que
[...] un recurso de apelación, presentado ante el Tribunal de Circuito de Apelaciones, puede notificarse al tribunal de ins-tancia personalmente, o por correo ordinario, o por correo cer-tificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo [y] la fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia. íd.
De otro lado, la Regla 24 del Reglamento del Tribunal de Apelaciones de 2004 (4 LPRA Ap. XXII-B), establece lo siguiente sobre los recursos de apelación para revisar sentencias emitidas por el foro primario en casos criminales:
*642 (A) La apelación se formalizará presentando el original del escrito de apelación y tres (3) copias, en la Secretaría del Tribunal de Apelaciones. Será responsabilidad de la parte ape-lante notificar a la Secretaría del Tribunal de Primera Instan-cia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, una copia de tal escrito debidamente sellada con la fecha y hora de su presentación. El término aquí dispuesto será de cumplimiento estricto.
(B) La apelación podrá formalizarse también presentando en el Tribunal de Primera Instancia que dictó la sentencia el original de dicho escrito. En ese caso, el apelante deberá noti-ficar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, ya sea mediante entrega personal o por correo, tres (3) copias del escrito de apelación debidamente selladas con fecha y hora de presentación. El término aquí dispuesto será de cumplimiento estricto. (Enfasis suplido). Id.
En Pueblo v. Santana Vélez, 168 DPR 30 (2006), interpretamos esta Regla 24 y revocamos una Sentencia del Tribunal de Apelaciones que desestimó por falta de jurisdicción una apelación de una sentencia criminal. En ese caso, el recurso se presentó en la Secretaría del Tribunal de Primera Instancia y la notificación al Tribunal de Apelaciones se depositó en el correo dentro del término de cuarenta y ocho horas dispuesto para ello. Id. Sin embargo, el foro apelativo intermedio recibió la notificación fuera de dicho término. Id. Además, analizamos lo siguiente:
En el caso de autos, la Regla 24(B) del Reglamento del Tribunal de Apelaciones de 2004 incluye la posibilidad de notificar por correo a la Secretaría del Tribunal de Apelaciones den-tro de las cuarenta y ocho horas de haberse presentado el recurso de apelación de un caso criminal en el Tribunal de Primera Instancia. 4 L.P.R.A. Ap. XXII-B. Nada dice respecto a la notificación al tribunal de instancia de un recurso presen-tado en el Tribunal de Apelaciones. No obstante, al igual que en Acevedo Álvarez v. E.L.A., supra, no vemos razón para no permitir que se notifique por correo al Tribunal de Primera Instancia en caso de presentarse el recurso ante el foro apela-tivo intermedio. Por las mismas razones que entonces, aunque *643 la regla nos podría dar a entender que la apelación no puede notificarse al tribunal de instancia mediante depósito en el correo, “nos parece absurdo llegar a tal conclusión íd., pág. 42.
Dicho esto, pautamos que
[a] la luz de la intención legislativa que se infiere de la regla-mentación vigente, resulta forzoso resolver que cuando se pre-sente una apelación en la Secretaría del Tribunal de Primera Instancia y se notifique al Tribunal de Apelaciones por correo ordinario o correo certificado con acuse de recibo, la fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del tribunal apelativo. Resulta forzoso con-cluir que lo mismo es cierto cuando se presente el recurso en el foro apelativo y deba, por lo tanto, notificarse al de instancia. Esta interpretación reduce las desestimaciones por defectos de forma y promueve el acceso a los tribunales en la etapa apelativa. Llegar a otra determinación impondría una barrera no sólo jurisdiccional, sino económica, que resultaría innece-saria y contraria al propósito de la ley. Pueblo v. Santana Vé-lez, supra, pág. 44.
Por otra parte, recientemente interpretamos la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y validamos una notificación a las partes de un recurso apelativo realizada mediante un servicio de correo postal privado. Pérez Soto v. Cantera Pérez, Inc. et al., supra.
En síntesis, el Reglamento del Tribunal de Apelaciones guarda silencio sobre el método mediante el cual se debe realizar la notificación de la presentación del recurso de certiorari al tribunal correspondiente. No obstante, al evaluar dicho cuerpo reglamentario en su totalidad, notamos que las Reglas 14 y 24 de dicho cuerpo reglamentario, supra, reconocen la notificación mediante correo certificado para los recursos de apelación en casos civiles y criminales, respectivamente. No vemos razón alguna por la cual debamos conferir un trato distinto a la notificación de la presentación de los recursos de certiorari para revisar resoluciones emitidas por el Tribunal de Primera *644 Instancia. Consecuentemente, concluimos que el Regla-mento del Tribunal de Apelaciones de 2004 permite que la notificación de la presentación de un recurso de certiorari se realice mediante correo certificado. La fecha del depó-sito en el correo se considerará como la fecha de entrega en la Secretaría del Tribunal de Primera Instancia o en la del Tribunal de Apelaciones, según corresponda.
Esta interpretación es cónsona con los propósitos perseguidos por el Art. 4.004 de la Ley de la Judicatura, supra, y el propio Reglamento del Tribunal de Apelaciones: facilitar a la ciudadanía el acceso a la justicia apelativa y reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación para que las controversias judiciales se atiendan en los méritos. Asimismo, es consecuente con lo resuelto en Pueblo v. Santana Vélez, supra, y en Acevedo Álvarez v. E.L.A., supra. Como hemos expresado, interpretar lo contrario “impondría una carga muy onerosa para el peticionario y prácticamente dejaría en desuso la opción de notificar por correo. Dicha interpretación obligaría al peticionario a utilizar servicios privados de envío que resultan en gastos innecesarios y adicionales a los ya costosos trámites de litigación”. Pueblo v. Santana Vélez, supra, pág. 44.
HH I — i H — i
Conforme al marco jurídico expuesto anteriormente, evaluamos los casos ante nuestra consideración.
A. Merced García Morales v. Ángela Mercado Rosario, CC-2013-0477
La señora Mercado Rosario presentó oportunamente un recurso de certiorari ante el Tribunal de Apelaciones el 21 de noviembre de 2012. Ese mismo día, notificó la presen-tación del recurso al Tribunal de Primera Instancia a tra-vés de correo certificado. Asimismo, notificó a la otra parte. *645 El representante legal de la señora Mercado Rosario certi-ficó esta notificación en el recurso, con la especificidad de que la copia notificada reflejaba la hora y el día de su pre-sentación ante el foro apelativo intermedio.
No obstante, el Tribunal de Apelaciones concluyó que la señora Mercado Rosario no cumplió con la notificación re-querida, pues ese foro no reconoció el correo certificado como un medio válido para realizarla. Como vimos, según nuestra interpretación, sostenemos que el Reglamento del Tribunal de Apelaciones permite que la presentación de un recurso de certiorari se notifique al foro primario mediante correo certificado. Consecuentemente, la señora Mercado Rosario cumplió con el requisito de notificación en contro-versia, por lo que es forzoso concluir que el Tribunal de Apelaciones erró al desestimar su recurso de certiorari.
B. Carmen Meléndez v. Roberto Santana Salas y otros, CC-2013-0556
La señora Meléndez presentó oportunamente un re-curso de certiorari ante la Secretaría del Tribunal de Pri-mera Instancia el 25 de enero de 2013. Dentro del término de cuarenta y ocho horas siguientes, envió por correo cer-tificado la notificación de la presentación del recurso al Tribunal de Apelaciones. Sin embargo, el foro apelativo in-termedio recibió copia del recurso el 5 de febrero de 2013. Ese foro desestimó el recurso por falta de jurisdicción.
El Reglamento del Tribunal de Apelaciones permite a la parte apelante presentar ante la Secretaría del Tribunal de Primera Instancia su recurso de certiorari, siempre que notifique al Tribunal de Apelaciones dentro del término de cumplimiento estricto de cuarenta y ocho horas. Esta noti-ficación se puede realizar mediante correo certificado y la fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del Tribunal de Apelaciones. Siendo así, el Tribunal de Apelaciones fue notificado de la presentación del recurso de certiorari dentro del término reglamentario. Erró al concluir lo contrario y desestimarlo.
*646 rH <
Por los fundamentos antes expuestos, se revocan las Sentencias emitidas por el Tribunal de Apelaciones y se de-vuelven los casos de epígrafe a dicho foro para la continua-ción de los procedimientos.

Se dictará Sentencia de conformidad.

 La representante legal del Sr. Merced García Morales presentó una Moción en Cumplimiento de Orden en la cual indicó que no ha podido contactar a su cliente, quien tiene el expediente del caso y se encuentra fuera de Puerto Rico recibiendo *638 tratamiento médico tras sufrir derrames cerebrales. Sobre la controversia que nos ocupa, aseveró que el Reglamento del Tribunal de Apelaciones “es claro en cuanto a las exigencias de cumplimiento estricto sobre los temas de presentación y notificación. No obstante, por no contar con copia de los documentos mencionados en su [Certiorari] por la parte Peticionaria, no podríamos entrar a analizar ese asunto”. Id., pág. 1. Solicitó que tomemos “conocimiento del expediente completo sobre el presente asunto, de manera que se pueda realizar la evaluación de las contenciones presentadas por la parte Peticionaria, toda vez que esta abogada no tiene forma de argumentar en contra de lo solicitado por la Parte Peticionaria con evidencia fiel y exacta de lo [que] pudiéramos alegar por las razones antes indicadas”. íd., pág. 2.