EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Isleta, LLC<br><br>Recurrido<br><br>v.<br><br>Inversiones Isleta Marina, Inc.<br><br>Peticionaria | Certiorari<br><br>2019 TSPR 211<br><br>203 DPR \_\_\_\_ |

Número del Caso:  CC-2018-983


Fecha: 15 de noviembre de 2019


Tribunal de Apelaciones:

    Panel I


Abogado de la parte peticionaria:

    Lcdo. José L. Hidalgo Irizarry


Abogado de la parte recurrida:

    Lcdo. Hermánn D. Bauer Álvarez


Materia: Derecho Apelativo – La Regla 33 (B) del Reglamento del Tribunal de Apelaciones permite notificar al foro primario la presentación de un recurso de certiorari por correo ordinario.  La fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Isleta, LLC | | *Certiorari* |
| Recurrido | | |
| v. | CC-2018-0983 | |
| Inversiones Isleta Marina, Inc. | | |
| Peticionaria | | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 15 de noviembre de 2019.

Comparece ante nos Inversiones Isleta Marina, Inc. (en adelante, la peticionaria) y nos solicita la revisión de una Resolución del Tribunal de Apelaciones que desestimó un recurso de *certiorari* por falta de jurisdicción. Específicamente, la desestimación se sostuvo en el incumplimiento con el término de setenta y dos (72) horas dispuesto en la Regla 33(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Ante el silencio del Reglamento del Tribunal de Apelaciones, *supra*, sobre los medios para notificar al foro primario de la presentación de recursos de *certiorari*, resolvemos que este permite la notificación vía correo ordinario y que la fecha del depósito en el correo se considerará como la de su entrega en la Secretaría del

Tribunal de Primera Instancia. Empero, de existir controversia, le corresponde al usuario del correo ordinario probar mediante prueba suficiente la fecha de depósito en el correo. De esta forma, uniformamos nuestras expresiones en cuanto a la notificación por correo de la presentación de los recursos de apelación y *certiorari*. *García Morales v. Mercado Rosario*, 190 DPR 632(2014); *Acevedo Álvarez v. ELA*, 150 DPR 866 (2000).

I

El 8 de febrero de 2018, la parte recurrida, Isleta LLC, presentó una *Demanda sobre Ejecución de Hipoteca, Cobro de Dinero y Sentencia Declaratoria* en contra de la peticionaria.[1] Sin someterse a la jurisdicción del tribunal, la parte peticionaria solicitó la desestimación por insuficiencia en el emplazamiento.

Luego de varios trámites procesales, el Tribunal de Primera Instancia denegó la moción de desestimación. Este dictamen fue sostenido tras la posterior presentación de una *Moción de reconsideración y solicitud de desestimación*, así como de una *Moción reiterando desestimación*. Inconforme, el **4 de septiembre de 2018**, la peticionaria presentó un recurso de *certiorari* ante el Tribunal de Apelaciones.

Así las cosas, el 11 de septiembre de 2018, la parte recurrida presentó una *Urgente moción de desestimación bajo*

---

[1] El 16 de mayo de 2018, Isleta LLC presentó una Demanda Enmendada, un Aviso de Demanda Enmendada y un Aviso sobre Vista de Remedios Provisionales y Demanda Enmendada. Apéndice de la Petición de *certiorari*, pág. 24.

*la Regla 83* ante el foro apelativo intermedio. En la moción señaló que del Portal de la Rama Judicial surgía que el Tribunal de Primera Instancia fue notificado de la presentación del recurso el **10 de septiembre de 2018.** Por lo tanto, sostuvo que la peticionaria no notificó la presentación del recurso al foro primario dentro del término requerido por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, por lo que el recurso no se perfeccionó conforme a esta.

El 17 de septiembre de 2018, el Tribunal de Apelaciones emitió una Resolución mediante la cual desestimó el recurso por falta de jurisdicción. Específicamente, concluyó que la peticionaria se excedió del periodo de setenta y dos (72) horas dispuesto en la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, y tampoco acreditó la existencia de justa causa para su incumplimiento.

Ante esta situación, la peticionaria instó una reconsideración en la que expresó que había notificado por correo ordinario la portada del recurso al Tribunal de Primera Instancia el **5 de septiembre de 2018** y que, por inadvertencia, certificó en el recurso que la notificación sería hecha por mensajero.[2] A tales efectos, incluyó una certificación de envío marcada con el matasello del correo

---

[2] En el Recurso de *certiorari* presentado ante el Tribunal de Apelaciones la parte peticionaria certificó haber enviado copia fiel y exacta del escrito mediante correo certificado con acuse de recibo a los abogados de la parte recurrida y "mediante mensajero al Tribunal de Primera Instancia". Apéndice de Petición de *certiorari*, pág. 61.

federal como enviado el 5 de septiembre de 2018 (*Certificate of Mailing* Form 3817). Esta solicitud fue denegada.

Inconforme, la peticionaria acude ante nos y señala que el Tribunal de Apelaciones erró al desestimar el recurso de *certiorari* por notificación tardía, a pesar de haber demostrado que había perfeccionado la notificación al foro de instancia; al decretar la desestimación del recurso sin haberle brindado una oportunidad para demostrar, mediante la presentación de evidencia, que había cumplido con la notificación, y al no darle valor alguno a la prueba de envío presentada.

Por su parte, Isleta LLC se opuso al recurso presentado. Sostuvo que de una lectura de *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378 (2015), se podía colegir que la notificación al Tribunal de Primera Instancia requerida por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, se perfecciona cuando ese foro recibe y marca con el sello de presentación la moción informativa correspondiente. Añadió que el caso *Acevedo Álvarez v. ELA*, supra, es distinguible al de autos porque se resuelve bajo la Regla 14 del Reglamento del Tribunal de Apelaciones, *supra*, y que la peticionaria "se corrió el riesgo de que la notificación al T[ribunal de Primera Instancia] no llegara dentro del término de 72 horas dispuesto por la Regla 33(A) al optar por

depositar el escrito en el 'correo ordinario' el 5 de septiembre de 2018".[3]

Mediante Resolución de 29 de marzo de 2019 ordenamos a la parte recurrida a mostrar causa por la cual no debíamos expedir el recurso. Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

Examinemos entonces el derecho aplicable.

II

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Hernández Jiménez et al. v. AEE et al.*, supra; *García Morales v. Mercado Rosario*, supra. No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *García Morales v. Mercado Rosario*, supra; *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011). No obstante, estas disposiciones deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía; que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación que no

---

[3] Véase, Oposición a *certiorari*, pág. 4.

afecten los derechos de las partes. Esto en consonancia con los propósitos perseguidos por el Art. 4.004 de la Ley Núm. 201-2003, según enmendada, conocida como Ley de la Judicatura de 2003, 4 LPRA sec. 24w, y la Regla 2 del Reglamento del Tribunal de Apelaciones, *supra*, así como las normas de interpretación de las disposiciones sobre notificación y forma dispuestas en la Regla 12.1 del Reglamento del Tribunal de Apelaciones, *supra*.[4] *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98(2013).

De particular importancia para este caso, la Regla 33 (A) del Reglamento del Tribunal de Apelaciones, *supra*, establece el requisito de notificar el recurso de *certiorari* al foro recurrido con el fin de que este quede enterado de su presentación. *Acevedo Álvarez v. ELA*, supra, pág. 874;

---

[4] El Art. 4.004 de la Ley Núm. 201-2003, según enmendada, conocida como Ley de la Judicatura de 2003, 4 LPRA sec. 24w, dispone:

El Tribunal Supremo aprobará las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones, las cuales tendrán como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal. El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes, y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en forma *pauperis*.

Asimismo, la Regla 12.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, especifica que:

Las disposiciones sobre los requisitos de notificación a las partes y al tribunal y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones de 1996, en las Reglas de Procedimiento Civil, Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa debidamente justificada, deberá el Tribunal de Apelaciones proveer oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes.

*Arraiga v. FSE*, 145 DPR 122 (1988). En lo pertinente, la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, dispone que:

> Cuando el recurso de *certiorari*, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página del recurso debidamente sellada con la fecha y la hora de su presentación de la solicitud, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto.

Es decir, la parte peticionaria tiene que notificar al foro primario la presentación de un recurso de *certiorari* ante el Tribunal de Apelaciones dentro del término de cumplimiento estricto de setenta y dos (72) horas. Así, la falta de notificación al tribunal inferior sobre la presentación de un recurso apelativo dentro del término requerido sin haber acreditado cabalmente justa causa incide en la jurisdicción del tribunal. Sin embargo, la Regla 33(A) – al igual que la correlativa Regla 14(B) del Reglamento del Tribunal de Apelaciones con relación a los recursos de apelación – no establece de qué forma se puede realizar esta notificación.[5] *García Morales v. Mercado Rosario*, supra; *Acevedo Álvarez v. ELA*, supra. Esto se diferencia de la notificación del recurso de *certiorari* a las **partes** para el que la Regla 33(B) especifica los distintos medios aceptados e incluye entre

---

[5] El Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, tampoco establece la forma en que se computa el término de setenta y dos (72) horas que establece la Regla 33(A). Al respecto, véase *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378 (2015).

ellos la notificación vía correo ordinario.[6] Al respecto, hemos señalado que aunque el requisito de notificación a la parte es un componente integral del debido proceso de ley, **lo importante es que el escrito le sea notificado y no el método que se utilice**. *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017); *Pérez Soto v. Cantera Pérez, Inc.*, supra, pág. 107.

En *Acevedo Álvarez v. ELA*, supra, examinamos una controversia similar con relación a la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, 4 LPRA Ap. XXII-A. En ese caso se notificó un recurso de apelación por correo certificado con acuse de recibo al foro recurrido el mismo día que fue presentado. Sin embargo, fue recibido por el Tribunal de Primera Instancia cuatro (4) días más tarde. Debido a que la Regla no especificaba los medios de notificación permitidos en estos casos, concluimos que un recurso de apelación presentado ante el foro apelativo intermedio puede notificarse al foro recurrido personalmente, o por **correo ordinario**, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. En cuanto a la notificación por correo expresamos que la fecha de

---

[6] Los medios de notificación a las partes del recurso de *certiorari* autorizados por la Regla 33(B) del Reglamento del Tribunal de Apelaciones, son el correo certificado con acuse de recibo, la entrega personal por compañía privada con acuse de recibo, así como por los medios dispuestos en la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, que incluyen: correo ordinario, entrega personal, telefax o correo electrónico de no haber controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario.

depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia. Por lo tanto, determinamos que la notificación del recurso de apelación enviada por correo certificado dentro del término de setenta y dos (72) horas fue hecha conforme a Derecho.

Posteriormente, en *García Morales v. Mercado Rosario*, supra, examinamos la aplicación de la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, en dos (2) recursos consolidados. En uno de ellos, la parte notificó por correo certificado al foro primario sobre la presentación de un recurso de *certiorari*. El recurso fue desestimado por falta de jurisdicción debido a que no se presentó personalmente ante la Secretaría del Tribunal de Primera Instancia. Tras un examen integral del Reglamento del Tribunal de Apelaciones (en particular de las Reglas 14 y 24 sobre la presentación y notificación de los recursos de apelación), los propósitos perseguidos por el Art. 4.004 de la Ley de la Judicatura de 2003, *supra*, y el Reglamento del Tribunal de Apelaciones, *supra*, así como nuestras expresiones en *Acevedo Álvarez v. ELA*, supra, "concluimos que el Reglamento del Tribunal de Apelaciones de 2004 permite que la notificación de la presentación de un recurso de *certiorari* se realice mediante correo certificado. La fecha del depósito en el correo se considerará como la fecha de entrega en la Secretaría del Tribunal de Primera Instancia o en la del Tribunal de Apelaciones, según corresponda". *García Morales v. Mercado Rosario*, supra, pág. 644. Asimismo,

expresamos que "[l]legar a otra determinación impondría una barrera no solo jurisdiccional, sino económica, que resultaría innecesaria y contraria al propósito de la ley". *Íd.,* citando a *Pueblo v. Santana Vélez,* 168 DPR 30, 44 (2006). Por lo tanto, nos negamos a distinguir entre las notificaciones por correo certificado al foro recurrido de los recursos de apelación y de *certiorari.*

Cabe señalar, que en cuanto a la notificación por correo hemos expresado que:

> el requisito de notificar los recursos a las partes mediante correo certificado con acuse de recibo responde a la buena práctica forense, por ser éste un mecanismo conveniente a los fines de establecer cumplidamente y sin lugar a dudas la fecha del depósito en el correo. [E]llo no implica que la fecha de notificación no pueda establecerse por otros medios igualmente efectivos. *Acevedo Álvarez v. ELA*, supra, pág. 876.

Además, hemos expresado que:

> [N]o surge… que exista al presente distinción válida entre correo certificado u ordinario a los efectos de determinar el momento en que se *perfecciona* una notificación. Nuestras expresiones en el sentido de que cuando se utiliza el mecanismo de correo ordinario lo determinante es probar la fecha del depósito en el correo, significan que el acto del depósito es lo crucial para propósitos de estimarse perfeccionada a tiempo la notificación. Así, quien utiliza sabiamente la vía del correo certificado está relevado de probar la fecha que depositó la notificación en el correo. A la inversa, al usuario del correo ordinario no le acompaña la fehaciencia del correo certificado. Por ende, potencialmente, crea a su riesgo una controversia. Le corresponde acreditar mediante prueba suficiente. Se expone a que se desestime su recurso de no concederle el tribunal apelativo crédito o valor probatorio en cuanto a la fecha del depósito. *Acevedo Álvarez v. ELA*, supra, pág. 876,

citando a *Ramos v. Condominio Diplomat*, 117 DPR 641 (1986).

Así, las razones en las que nos basamos en *Acevedo Álvarez v. ELA*, supra, *García Morales v. Mercado Rosario*, supra, y *Pueblo v. Santana Vélez,* supra, para permitir la notificación al foro primario de la presentación de un recurso apelativo, son igualmente aplicables a la notificación del recurso de *certiorari* por correo ordinario. En vista de que la Regla 33(B) del Reglamento del Tribunal de Apelaciones, *supra*, permite notificar a las partes por correo ordinario, siendo este requisito parte integral del debido proceso de ley, concluimos que la regla también permite notificar al foro primario la presentación de un recurso de *certiorari* por correo ordinario y que la fecha del depósito se considerará como la de su entrega en la Secretaría del Tribunal de Primera Instancia. Empero, aunque la buena práctica forense aconseja el uso del correo certificado que establece la fecha del depósito de manera fehaciente, ante controversia al respecto, le corresponde al usuario del correo ordinario probar mediante prueba suficiente la fecha de depósito en el correo.

III

En su señalamiento de error, la peticionaria alega que el Tribunal de Apelaciones incidió al desestimar el recurso de *certiorari* por falta de jurisdicción. Sostiene que la notificación al Tribunal de Primera Instancia se perfeccionó con su puesta en el correo y para probar la fecha de depósito

presentó el certificado del correo federal que constituye prueba fehaciente del envío. *Acevedo Álvarez v. ELA*, supra. Además, afirma que no hay razón para distinguir entre las notificaciones de recursos de apelación y *certiorari*. *García Morales v. Mercado Rosario*, supra.

A contrario sensu, la parte recurrida arguye que la notificación que exige la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*, se cuenta desde que el Tribunal de Primera Instancia recibe y marca con el sello de presentación la moción informativa correspondiente a tenor con lo resuelto en *Hernández Jiménez et al. v. AEE et al.*, supra, y que en este caso el foro primario recibió la notificación pasado el término de setenta y dos (72) horas. No obstante, la parte recurrida lee en ese caso mucho más de lo que expresamos. En *Hernández Jiménez et al. v. AEE et al.*, supra, examinamos cómo se debe computar el término de setenta y dos (72) horas que establece la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *supra*. Ciertamente, en él especificamos que "se notificó copia de la cubierta del recurso al Tribunal de Primera Instancia el martes, 17 de junio de 2014 a la 1:20 de la tarde", momento en que fue recibida la comunicación por el tribunal. Sin embargo, la recurrida omite que esa notificación fue hecha mediante mensajero y no por correo. En ningún momento el Tribunal se expresó sobre los medios de notificación y la idoneidad de la entrega personal.

En este caso la parte peticionaria presentó el recurso de *certiorari* ante el Tribunal de Apelaciones el 4 de septiembre de 2018 y depositó en el correo la notificación al Tribunal de Primera Instancia al día siguiente, según el certificado de envío que presentara. Cabe señalar que la fecha del depósito en el correo de la notificación no ha sido cuestionada, sino el momento en que se entiende perfeccionada. Tampoco hay controversia sobre el hecho de haber sido recibida por su destinatario el 10 de septiembre de 2018. Esta información consta en el Portal de la Rama Judicial y las alegaciones de ambas partes. Por lo tanto, y puesto que la peticionaria depositó la notificación dentro del término de setenta y dos (72) horas en el correo, concluimos que notificó la presentación del recurso de *certiorari* al foro primario de forma oportuna. Erró el Tribunal de Apelaciones al no reconsiderar su dictamen.

IV

Por lo antes expuestos, expedimos el auto solicitado y dejamos sin efecto la Resolución del Tribunal de Apelaciones mediante la cual se declaró sin jurisdicción. Devolvemos el caso al Tribunal de Apelaciones para la continuación de los procedimientos en conformidad con lo aquí dispuesto.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Isleta, LLC<br><br>    Recurrido<br><br>        v.<br><br>Inversiones Isleta Marina, Inc.<br><br>    Peticionaria | CC-2018-0983 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2019.

Por lo antes expuesto, expedimos el auto solicitado y dejamos sin efecto la Resolución del Tribunal de Apelaciones mediante la cual se declaró sin jurisdicción. Devolvemos el caso al Tribunal de Apelaciones para la continuación de los procedimientos en conformidad con lo aquí dispuesto.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo